**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SUEHAD S. CARLISLE
    PLAINTIFF,

v.           CASE NO.:

RPH GROUP, INC. AND
HALL'S MOTORSPORTS
OF CRESTVIEW, INC.
    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, SUEHAD S. CARLISLE, (hereinafter referred to as the "Plaintiff" or "CARLISLE"), by and through her undersigned attorney, sues Defendants, RPH Group Inc. and Hall's Motorsports of Crestview Inc. (hereinafter referred to as the "Defendants" or "RPH Group" or "Hall's Motorsports), and alleges as follows:

### *JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of sexual harassment, national origin, gender discrimination, hostile work environment and for retaliation for engaging in a protective activity in the terms, conditions, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.,S.C. 2000e, et seq., the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections*

1

448.101—448.105, and 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.    Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.    Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5.    This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6.    Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations and the United States Equal Employment Opportunity Commission against Defendants, RPH

Group Inc. and Hall's Motorsports of Crestview Inc. More than 180 days lapsed since Plaintiff's charge was filed and the FCHR was unable to conciliate or make a determination pursuant to Fla. Stat. § 760.11(3). Pursuant to Fla. Stat. § 760.11(4) and (8), Plaintiff now bring this suit. Plaintiff further requested her 90 day Notice of Right to Sue letter from the EEOC which was received on December 23, 2020.

## *PARTIES*

7.     Plaintiff is an Arabic female. She was employed by the Defendants from September 2019, until her unlawful termination on January 25, 2020.

8.     Defendant, Hall's Motorsports is a Florida for profit corporation and Defendant, RPH Group, Inc., is a foreign corporation, both corporations do business in Crestview, Florida. Defendants operate a motorsports sales and repair business.

9.     Hall's Motorsports and RPH Group, Inc., have interrelated operations, a centralized control of labor relations, common management, and common ownership or financial control. Mr. Trent Hall is the owner and manager of both Hall's Motorsports and RPH Group, Inc., Mr. Hall controls or is intricately involved in the day-to-day employment decisions of both corporations, including the authority to hire, transfer, promote, discipline or discharge; the authority to establish work schedules or direct work assignments, and the obligation to pay the employees of both Hall's Motorsports and RPH Group, Inc.

3

10.     Defendants are dual or joint employers within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., as it employees in excess of fifteen (15) employees, and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employees in excess of ten (10) employees and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

## *FACTS*

1.      Plaintiff is a 28 year old Arabic female.

2.      Plaintiff was employed by Defendant's, Hall's Motorsports and RPH Group, Inc., in Crestview, Florida as an Administrative Office Assistant from September 2019, until her unlawful termination on January 25, 2020.

3.      Plaintiff performed the duties of her position in more than a satisfactory manner.

4.      During Plaintiff's time with the Defendant's, she never received any disciplinary actions or write ups.

5.      Plaintiff went above and beyond her duties and responsibilities to perform at the highest level possible.

6.      Prior to Plaintiff reporting the sexual harassment by Sean Christian (General Manager), she was consistently told she was given more responsibilities than any employee in her position before her, because she did her job so well.

4

7.     There have never been any discussions or warnings regarding Plaintiff's job performance or lack thereof until after she reported the sexual harassment by Mr. Christian.

8.     In November 2019, Mr. Christian became very hostile at work after Plaintiff and other coworkers confronted him about his sexual harassment and sexual remarks regarding their personal lives and constantly making sexual advances towards them.

9.     Plaintiff along with a couple of her coworkers reported Mr. Christian's actions to HR, Allison Hall, and to the Trent Hall (Owner of both Hall's Motorsports and RPH Group and Ms. Allison Hall's father).

10.    Although Plaintiff reported the sexual harassment and treatment of these employees and herself, to both Mr. Hall and Allison Hall, no action was ever taken by either of them to bring Mr. Christian's harassment to a stop.

11.    Mr. Christian would call Plaintiff out in front of all of the other employees, asking her personal sexual questions and questions about other employees, like "if she had sex with Tyler?"

12.    Moreover, Mr. Christian would insult Plaintiff and her coworkers in front of customers by stating, "you could take her home with you too, (implying that the customer could have sex with her) if you spend more than $5,000.00.

13.    Plaintiff complained on multiple occasions to the Mr. Hall and Allison

Hall about the continued sexually inappropriate manner of conversation being expressed to customers and employees by Mr. Christian, along with his continued sexual advances towards female employees.

14.    Plaintiff emailed and called Allison Hall (Trent Hall's daughter and "HR" representative) on a regular basis begging her for help to stop Mr. Christian's harassment and retaliatory treatment of herself and the other female employees.

15.    Plaintiff cried on the phone to Allison Hall on a regular basis letting her know how traumatizing and emotionally draining it was for Plaintiff to be continually subjected to Mr. Christian's sexual harassment and retaliatory treatment.

16.    Plaintiff begged Ms. Allison Hall to either be there in the Crestview office personally or at least on the phone so as to serve as a deterrent or buffer because Plaintiff was subjected to some of Mr. Christian's more hostile and inappropriate actions in a private setting in his office.

17.    The extremely inappropriate sexual harassment, the emotional trauma of this hostile work environment, and the painful comments continued to take a toll on Plaintiff and the other female employees.

18.    Plaintiff also reported to Mr. Hall and Allison Hall, Mr. Christian's treatment of other female employees working at the Crestview location.

19.    One such female employee was, Ms. Jaime M. Allen, who worked for Defendants as Sales Associate from September 2019 January 31, 2020.

6

20.    Mr. Christian, he would continually touch and try to kiss and hug on Ms. Allen.

21.    Due to the severity and frequency of these issues, Plaintiff reported Mr. Christian's actions to both Mr. Tent Hall and Allison Hall.

22.    Both Mr. Hall and Ms. Allison Hall simply stated to not worry about it and to brush it off.

23.    Nevertheless, Mr. Christian continued to embarrass and harass Plaintiff and Ms. Allen in front of customers.

24.    Another such employee was Ms. Danielle Wheeler, who was employed by Defendants at its Crestview, Florida location as a Sales Associate from November 5th, 2019, until her termination on January 11, 2020.

25.    Shortly after her hire, Mr. Christian began harassing her by making continuous comments in front of customers and the male employees about the way her pants fit stating, "Those jeans make your ass look good!".

26.    Mr. Christian also made multiple sexual advances towards Ms. Wheeler and continued to harass her causing Ms. Wheeler to also report his actions to Mr. Hall and Allison Hall.

27.    After she reported the sexual harassment to Mr. Hall and Allison Hall, Mr. Christian began retaliating against her even more.

28.    The harassment and retaliation continued until January 11st, 2020, when

7

Mr. Christian terminated Ms. Wheeler's employment with Defendants.

29.     Mr. Christian let everyone know it was his office and he could do what he wanted.

30.     After Plaintiff continued to bring this to attention of Mr. Hall and Allison Hall, she was then given a verbal warning by Trent Hall and was told to stick it out and stay away from Mr. Christian.

31.     Mr. Hall told Plaintiff he refuses to get rid of Mr. Christian because he brings in too much money, so we should just stay away from each other.

32.     After Plaintiff reported Mr. Christian's actions to Mr. Hall and Ms. Hall, Mr. Christian began to retaliate against Plaintiff.

33.     In retaliation, Mr. Christian started to call Plaintiff derogatory names based off of her national origin, as she was Arabic and started to walk around the Crestview office and facility calling her among other things a "terrorist."

34.     On January 25, 2020, Plaintiff was terminated from her employment with Defendants in retaliation for due to reporting Mr. Christian's discriminatory and retaliatory acts.

35.     The reasons given for Plaintiff's termination, were a pretext for Defendants' failure to remedy the sexual harassment of Plaintiff by Mr. Christian and was in retaliation for her reporting the sexual harassment and discrimination against her because of her gender.

### *FIRST CAUSE OF ACTION*
*(Title VII - Gender Discrimination)*

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

37.     Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

38.     Plaintiff is a Caucasian female.

39.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

40.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Christian.

41.     No male employees were the subject of harassment at Defendant's store/facility.

42.     The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

43.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants owners, Mr. Christian and other male staff members.

44.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

45.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
### *(Title VII - Retaliation)*

46.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

47.     Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

48.     Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

49.     Plaintiff is a Caucasian female.

50.     Plaintiff's workplace permeated with discriminatory intimidation,

ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

51.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, and sexual advances by Mr. Christian.

52.     No male employees were the subject of harassment at Defendant's store/facility.

53.     The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

54.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants owners, Mr. Christian and other male staff members.

55.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

56.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Florida Civil Rights Act - Gender Discrimination)*

57.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 of this complaint with the same force and effect as if set forth herein.

58.     Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Florida Civil Rights Act.

59.     Plaintiff is a Caucasian female.

60.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

61.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment and sexual advances by Mr. Christian.

62.No male employees were the subject of harassment at Defendant's store/facility.

63.     The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

64.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each

time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants owners, Mr. Christian and other male staff members.

65.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

66.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
*(Florida Civil Rights Act - Retaliation)*

67.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 of this complaint with the same force and effect as if set forth herein.

68.     Defendant has retaliated against Plaintiff for availing herself of the protections afforded her pursuant to the Florida Civil Rights Act.

69.     Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

70.     Plaintiff is a Caucasian female.

71.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

72.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment and sexual advances by Mr. Christian.

73.     No male employees were the subject of harassment at Defendant's store/facility.

74.     The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

75.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants owners, Mr. Christian and other male staff members.

76.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

77.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### *FIFTH CAUSE OF ACTION*
*(Title VII Sexual Harassment)*

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set

forth herein.

79.     Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Title VII of the Civil Rights Act of 1964.

80.     Plaintiff is a Caucasian female.

81.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

82.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment and sexual advances by Mr. Christian.

83.     No male employees were the subject of harassment at Defendant's store/facility.

84.     The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

85.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants

owners, Mr. Christian and other male staff members.

86.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

87.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SIXTH CAUSE OF ACTION
### (Florida Civil Rights Act- Sexual Harassment)

88.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 of this complaint with the same force and effect as if set forth herein.

89.     Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Florida Civil Rights Act.

90.     Plaintiff is a Caucasian female.

91.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

92. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

93.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment and sexual advances by Mr. Christian.

94.     No male employees were the subject of harassment at Defendant's store/facility.

95.     The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

96.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants owners, Mr. Christian and other male staff members.

97.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

98.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### SEVENTH CAUSE OF ACTION
*(Title VII - Hostile Work Environment)*

99.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 of this complaint with the same force and effect as if set forth herein.

100.   Plaintiff was the subject of workplace harassment through continued and ongoing adverse working conditions and treatment by Defendant which created a hostile working environment in violation of Title VII of the Civil Rights Act of 1964.

101.   Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

102.   Plaintiff is a Caucasian female.

103.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

104.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

105.   During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment and sexual advances by Mr. Christian.

106.   No male employees were the subject of harassment at Defendant's store/facility.

107.   The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

108.   Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants owners, Mr. Christian and other male staff members.

109.   Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

110.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### EIGHTH CAUSE OF ACTION
#### (FLORIDA CIVIL RIGHTS ACT - HOSTILE WORK ENVIRONMENT)

111.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 of this complaint with the same force and effect as if set forth herein.

112.   Plaintiff was the subject of workplace harassment through continued and ongoing adverse working conditions and treatment by Defendant which created a hostile working environment in violation of Florida Civil Rights Act.

113.   Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

114.   Plaintiff is a Caucasian female.

115.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

116.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Christian.

117.   During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment and sexual advances by Mr. Christian.

118.   No male employees were the subject of harassment at Defendant's store/facility.

119.   The harassment Plaintiff was sufficiently severe and pervasive as Mr. Christian sexually harassing actions were continual and on a regular basis while employed by Defendants.

120.   Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Christian came into the office. Defendant's failure to act on Mr. Christian's actions further resulted in tension and hostility towards Plaintiff from Defendants

owners, Mr. Christian and other male staff members.

121.   Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and stress and further lead to her termination.

122.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### NINTH CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

123.   Plaintiff restates and re-avers the allegations contained within Paragraphs 1- 44 of the Complaint, as if fully set forth herein.

124.   This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

125.   At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

126.   At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

127.   Most recently, Plaintiff was employed as a Administrative Office Assistant and she was qualified for the position.

128.   During her employment, Plaintiff reported and objected to Defendants owners the sexual harassment and mistreatment by Mr. Christian and Defendants

continuing to allow Mr. Christian to be employed and harass Plaintiff thus creating a hostile and unsafe workplace by exposing Plaintiff to Mr. Christian's hostile actions.

129.   After Plaintiff's reporting's and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, Defendants owners summarily terminated Plaintiff's employment.

130.   There was no substantive or reasonable business justification for the termination of Plaintiff's employment, she had not been previously warned of a deficient job performance.

131.   Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Title VII and the Florida Civil Rights Act.

132.   Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated with a weeks of her initial reporting of Mr. Christian's sexual harassment and after her continued objections to the Defendant regarding the multiple acts of sexual and other harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed

repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

133.   There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

134.   The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

135.   As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

136.   As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

137.   Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

138.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## TENTH CAUSE OF ACTION
### (NATIONAL ORIGIN DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)

139.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 of this complaint with the same force and effect as if set forth herein.

140.   Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her national origin in violation of 42 U.S.C. § 1981.

141.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## ELEVENTH CAUSE OF ACTION
### (NATIONAL ORIGIN DISCRIMINATION- RETALIATION - 42 U.S.C. § 1981)

142.   Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1 through 35 of this complaint with the same force and effect as if set forth herein.

143.   Defendant has retaliated against Plaintiff in the terms and conditions of his employment on the basis of her national origin in violation of 42 U.S.C. § 1981.

144.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)      Declaring the acts and practices complained of herein are violation of the Title VII, Section 1981, the Florida Civil Rights Act (FCRA) and the Florida Private Sector Whistleblower Act;

b)      Enjoining and permanently restraining those violations of the Title VII, Section 1981, the Florida Civil Rights Act (FCRA) and the Florida Private Sector Whistleblower Act;

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole

for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: March 16, 2021.          By: */s/ Clayton M. Connors*
                                CLAYTON M. CONNORS
                                Florida Bar No.: 0095553
                                Email: cmc@westconlaw.com
                                **THE LAW OFFICES OF**
                                **CLAYTON M. CONNORS, PLLC.**
                                4400 Bayou Blvd., Suite 32A
                                Pensacola, Florida 32503
                                Tel:  (850) 473-0401
                                Fax: (850) 473-1388

                                Attorney for the Plaintiff